# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| GARY A. FEASEL,<br><br>    Petitioner,<br><br>vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>    Respondent. | Case No. CV 14-0047-S-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

This Memorandum Decision and Order resolves Petitioner Gary A. Feasel's Petition for Review (Dkt. 1), filed February 12, 2014, regarding the Social Security Administration's final decision to deny disability benefits. The action is brought pursuant to 42 U.S.C. § 405(g). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

On June 8, 2010, Gary A. Feasel ("Petitioner") applied for Social Security Disability Insurance and Supplemental Security Income Benefits. He alleged a disability onset date of December 31, 2007, when he was 55 years old. (AR 155.) Petitioner's claim was initially denied and then again on reconsideration. (AR 74-78, 92-92.) Petitioner timely filed a Request for Hearing before an Administrative Law Judge ("ALJ"). A hearing was held on November 18, 2011 before ALJ John T. Molleur, at which time Petitioner, represented by attorney John Cahill, appeared and testified. (AR 38-69.) Vocational expert Beth Cunningham also testified. (*Id.*) At

**MEMORANDUM DECISION AND ORDER - 1**

the time of the hearing, Petitioner had past relevant work as a customer service representative. (AR 32.)

On February 3, 2012, the ALJ issued a decision denying Petitioner's claims, finding that Petitioner was not disabled within the meaning of the Social Security Act. (AR 22-37.) Petitioner requested review from the Appeals Council on February 16, 2012. (AR 20-27.) The Appeals Council then denied review on July 17, 2013 (AR 5-10), thus rendering the ALJ's decision the Commissioner's final decision. Plaintiff now seeks judicial review of the Commissioner's decision to deny benefits. Petitioner contends the ALJ erred by failing to give proper consideration to the treating physicians' opinions and improperly assessing Petitioner's credibility.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less

than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. DISCUSSION

**A.      Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a

sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

The first step concerns whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe her physical/mental impairments are and regardless of her age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner had not engaged in SGA after December 31, 2007, the alleged onset date. (AR 27.)

The second step concerns whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. If the claimant does not have a severe medically determinable impairment or combination of

**MEMORANDUM DECISION AND ORDER - 4**

impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner had the following severe impairments: obesity, bipolar disorder, and alcohol dependence. (AR 27.)

The third step examines the medical severity of an impairment; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *Id*. Here, the ALJ concluded that Petitioner does not have an impairment (or combination of impairments) that meets or medically equals a listed impairment (AR 28.)

The fourth step of the evaluation process requires the ALJ to decide whether the claimant's residual functional capacity allows the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ ruled that Petitioner has the residual functional capacity to perform a range of medium work that is limited to jobs where the Petitioner has rare public contact that is brief and incidental in nature; frequent contact with co-workers; and simple, routine and

repetitive tasks. (AR 29.) The ALJ also decided that Petitioner was not capable of performing past relevant work as a customer sales representative. (AR 32.)

If the claimant can no longer perform past relevant work because of his impairments, then the ALJ must consider the fifth and final step in which the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). If the claimant is able to do other work, he is not disabled. If, on the other hand, the claimant is not able to do other work and meets the duration requirement, he is disabled. In this case, the ALJ found at step five that Petitioner is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (AR 32.) Accordingly, the ALJ did not award benefits.

**B.     Analysis**

    **1.     Treating Psychiatrist Dr. Bostwick**

Petitioner contends that in reaching his decision, the ALJ improperly rejected the opinion of Dr. Bostwick, Petitioner's treating psychiatrist, and failed to follow the so-called "treating physician rule" and give his opinion controlling weight.

Ninth Circuit case law distinguishes among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is accorded to the opinion of a treating source than to non-treating physicians. *Winans v.*

*Bowen*, 853 F.2d 643, 647 (9th Cir.1987).  In turn, an examining physician's opinion is entitled to greater weight than the opinion of a non-examining physician.  *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984).  If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991).  If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983).

An ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings.  *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities.  *Id.*; *Bayliss v. Barnhart*, 427 F.3d at 1216; *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999).

In his decision, the ALJ said he gave only "limited weight" to Dr. Bostwick's opinion because the medical evidence did not support the marked limitations that the claimant indicated and that "[g]iven the claimant's reported activities of daily living and his admitted search for work, the undersigned sees no convincing evidence in the record to support a finding that the

claimant is unable to sustain work activity if he abstains from consuming alcohol." (AR 31.)

Dr. Bostwick had been treating Petitioner for many years, beginning in May 2005. His treatment notes reflect Petitioner's history of depression, anxiety, social and work anxiety, sleep disturbance, and anergia. (AR 256-279.) Over that period of treatment, Dr. Bostwick has prescribed various medications for Petitioner including: Zyprexa, Geodon, Campral, Thorazine, Ambien, Seroquel, Wellbutrin, Lithium, Prozac and Cymbalta. (*Id*.) Dr. Bostwick found that the Petitioner had marked limitation in attention and concentration for extended periods, and in performance of activities within a schedule. He found that Petitioner had difficulty in completing a normal workweek without interruptions from psychologically based symptoms, and in accepting instructions and responding appropriately to criticism from supervisors. (AR 282-84.) He found Petitioner to be moderately limited in carrying out detailed instructions, interacting appropriately with the public, getting along with coworkers or peers, and responding appropriately to changes in work setting. (AR 282-85.) Dr. Bostwick stated Plaintiff would not be able to tolerate even low stress work. (AR 286.)

In contrast, the ALJ gave significant weight to the opinion of the consultative examiner, Dr. Gage, who only found marked limitation in the one area of complex decisions due to extreme problems with processing speed. (AR 31, 458.) It is significant that even though there are some contradictions between Dr. Gage's opinion and the opinion of Dr. Bostwick as to Petitioner's limitations in interactions with the public, supervisors, and coworkers,[1] their opinions are

---

[1] Dr. Bostwick found moderate limitations in Petitioner's ability to interact appropriately with the public and coworkers and marked limitations in responding to criticism from supervisors. (AR 284.) Dr. Gage found no limitations in Petitioner's ability to interact appropriately with the public, supervisors, and coworkers. (AR 459.)

**MEMORANDUM DECISION AND ORDER - 8**

consistent on many other limitations. For example, they both found no limitation in the ability to understand and remember simple (one or two step) instructions, mild limitation in the ability to understand complex (detailed) instructions, moderate limitations in the ability to carry out complex (detailed) instructions, the ability to make simple work-related decisions, and ability to respond appropriately to changes in work setting. (AR 283-284, 458-459.)

In his decision, the ALJ relies solely on Petitioner's daily activities as a reason for rejecting the opinion of his treating physician, Dr. Bostwick. However, the only daily activities performed by the Petitioner discussed in the decision are that he engages in daily walks, does household chores, and will read a book for up to two hours while watching television. (AR 28, 30.) The ALJ may take into consideration claimant's daily activities that "involve the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Furthermore, "many home activities are not easily transferrable to . . . the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Chater*, 885 F.2d 597, 603 (9th Cir. 1989). Petitioner reported walking daily, doing some household chores and reading books. Contrary to the ALJ's assertion, such everyday activities are not necessarily at odds with Dr. Bostwick's assessment of Petitioner's mental limitations. Nor does the ALJ does not set forth *how* these daily activities contradict Dr. Bostwick's opinions.

Similarly, Petitioner's search for work is not a specific and legitimate reason for rejecting the opinion of Dr. Bostwick. Petitioner should not be penalized for attempting, and wanting, to

**MEMORANDUM DECISION AND ORDER - 9**

find work. *See, e.g., Napier v. Astrue*, 2009 WL 2058436, at *9 (E.D. Cal. 2009).

Even if the treating physician's opinion does not meet the test for controlling weight, it is still "entitled to deference" and in many cases may be entitled to the greatest weight even if it does not meet the test for controlling weight. *Orn*, 495 F.3d at 633. An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Id*. at 632. The ALJ must do more than offer his conclusions. *Embrey v. Brown*, 849 F.2d 418, 421-22 (9th Cir. 1988). He must set forth his own interpretations and explain why they, rather than the physician's, are correct. *Id*. "Broad and vague" reasons for rejecting a treating physician's opinion do not suffice. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

In this case, however, the ALJ's reasons for rejecting Dr. Bostwick's opinion fall within the realm of "broad and vague" and conclusory in nature. Further, the ALJ did not provide a detailed explanation of his conclusion that Dr. Bostwick was wrong and the Court is left to speculate and cannot adequately evaluate whether to find it was based on substantial evidence. The Court finds the conclusory statements made by the ALJ do not rise to the level required by *Reddick v. Chater*, which requires that the ALJ set forth the conflicting evidence and explain why his interpretation is valid.

### 2. Licensed Counselor Mary Herzing

Petitioner also takes issue with the ALJ's rejection of Petitioner's counselor, Ms. Herzing's opinion because she did not discuss the impact of Petitioner's alcohol use on his functional capacity and she is not an "acceptable medical source."

**MEMORANDUM DECISION AND ORDER - 10**

The ALJ stated the following about Ms. Herzing's letter: "This statement is given limited weight as there is no discussion how alcohol affected his ability to sustain employment as he was looking for work in 2011. Additionally, this statement is not from an acceptable medical source." (AR 31.)

Under Social Security regulations, counselors are "other sources who are not acceptable medical sources." 20 C.F.R. § 404.1513(d). While opinions from these sources are not acceptable sources for evidence of an impairment, the regulations permit a claimant to submit information from sources that are "not acceptable medical sources" to help the ALJ to determine the severity of an impairment and "understand how [the claimant's] impairment affects [the claimant's] ability to work." *See* 20 C.F.R. §§ 404.1513(d), (e). The ALJ may reject other source testimony by furnishing reasons germane to that particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Social Security Ruling 06-03p states: "The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source.'" SSR 06-03p, *available at* 2006 WL 2329939. However, this ruling also recognizes that depending on the particular facts in a case, an "opinion from a medical source who is not an 'acceptable medical source' *may outweigh* the opinion of an 'acceptable medical source' . . ." *Id*. (emphasis added).

Ms. Herzing also has a lengthy treatment history with Petitioner. She began treating Petitioner in February 2007. (AR 225). In 2010, she provided a letter in which she stated that he was unable to work due to depression, memory problems, cognitive problems, social difficulties, and poor decision making skills. (AR 226.) In such a context, the ALJ cannot discount the

**MEMORANDUM DECISION AND ORDER - 11**

opinion of Ms. Herzing simply because it falls into the category of "not an acceptable medical source." Petitioner has seen Ms. Herzing consistently since February 2007. While it is true that the ALJ does not have to accept Ms. Herzing's opinion as to the ultimate issue of disability, that is not a germane reason for rejecting the totality of her opinion, which states that he has trouble interacting with others, suffers from major depression and has a history of poor functioning. The ALJ is not free to disregard the opinions of mental health providers simply because they are not medical doctors. *Duncan v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2004) *citing* 20 C.F.R. § 404.1513(a); *see also Bergfeld v. Barnhart*, 361 F. Supp. 2d 1101 (D. Az. 2005.)

There is some legitimate criticism, however, of Petitioner's reliance upon Ms. Herzing's letter in regard to whether her opinion on Petitioner's disability was independent of Petitioner's alcohol use. In most of her letter, she discusses Petitioner's struggles with alcohol abuse, but it is unclear whether she bases her opinion that Petitioner is not able to work at least in part on his history of alcohol abuse. The distinction is important, of course, because of the issues relating to substance abuse contributing to the disability and the disability remaining after the claimant stopped using drugs or alcohol. *See Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If an opinion of disability is unclear about whether it is based on substance or alcohol abuse, that lack of clarity is an appropriate reason for giving it limited weight. *See, e.g., Phillips v. Colvin*, 2014 WL 4352081 at *6-7 (W.D. Wash. 2014) (finding that the ambiguity about whether a claimant was in remission from drug and alcohol use at time of the doctor's statement was a valid a reason to discount the doctor's opinion).

Further, even though the burden is on Petitioner to prove his disability, the ALJ "retains responsibility of developing a full and fair record in the non-adversarial administrative

proceeding." *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003). Because it is unclear whether Ms. Herzing's statement is made independent of Petitioner's history with alcohol abuse, and the Court has already decided to remand for reconsideration of Dr. Bostwick's opinion, the Court orders that the ALJ further develop the record on Ms. Herzing's opinion.

### 3. Petitioner's Credibility

Petitioner contends that the ALJ's credibility assessment is not supported by substantial evidence. The ALJ ruled that "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," but he also concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity." (AR 30.)

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where, as here, the Petitioner has presented evidence of an underlying impairment and the government does not argue that there is evidence of malingering, the Court reviews the ALJ's rejection of her testimony for specific, clear and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *see also Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including consideration of claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, as well as claimant's daily activities, claimant's work record and testimony from physicians and third parties

concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of medications; and treatment measures taken by claimant to alleviate those symptoms. *See* Soc. Sec. Ruling (SSR) 96-7p.

      The ALJ identified discrepancies between Petitioner's testimony in support of his adverse credibility finding, *e.g.,* although Petitioner asserted he had problems with his memory, he also testified that he can sit and read a book for a couple of hours. (AR 30.) The ALJ also found the medical evidence did not support Petitioner's claim that psychiatric impairments prevented him from performing simple and repetitive tasks. The ALJ emphasized the testimony of the consulting examiner who said the Petitioner scored in the average range for verbal comprehension and working memory for verbal information. The ALJ also referenced medical records indicating Petitioner is stable when taking his medications and that he is able to stay sober when going to AA meetings. Finally, because the ALJ concluded that Petitioner's reported side effects of his medications, most notably the tremors in his hands, are not well documented in the record, the ALJ did not assign Petitioner's assertions full credibility. (AR 30-31.)

      The ALJ is mistaken in his statement that Petitioner's hand tremors were not well documented in the record.[2] Otherwise, however, he properly assessed Petitioner's credibility. He considered inconsistencies between Petitioner's testimony and conduct, his daily activities, evidence from physicians and how Petitioner's condition is controlled with medications. Where,

---

    [2] The ALJ's error regarding Petitioner's tremors was harmless because the ALJ provided other valid reasons to support his credibility finding.

**MEMORANDUM DECISION AND ORDER - 14**

as here, there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). In other words, if the evidence can support either outcome, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Court reviews the administrative record as a whole to determine whether substantial evidence supports the ALJ's decision. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The issue is not whether the Court agrees with the ALJ's credibility assessment, but whether the assessment is supported by the requisite findings and record evidence. Here, it is, and the Court will not substitute its own assessment for that of the ALJ as to Petitioner's credibility.

## IV. CONCLUSION

The ALJ is the fact-finder and is solely responsible for weighing and drawing inferences from facts and determining credibility. *Allen*, 749 F.2d at 579; *Vincent ex. rel. Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, a reviewing court may not substitute its interpretation for that of the ALJ. *Key*, 754 F.2d at 1549.

However, the ALJ did not properly consider all of the evidence. He gave improper reasons for his consideration of the opinion of Dr. Bostwick, a treating psychiatrist. A treating physician's opinion is entitled to more weight than that of a consultative physician such as Dr. Gage. At the very least, the ALJ must provide specific and legitimate reasons for discounting or rejecting Dr. Bostwick's opinion and that was not done.

This is not to say that this Court conclusively finds that Petitioner is disabled. Relatedly, it is not for this Court to resolve the question of whether Petitioner is disabled when considering

all the relevant medical evidence and how Dr. Bostwick's and Ms. Herzing's opinions may factor into the ALJ's determination. Rather, the Court is tasked with reviewing the basis of the ALJ's decision, highlighting those areas that may call into question the decisions reached by the ALJ, and, in doing so, should not be misunderstood as substituting its own judgment for that of the ALJ's.

The Court finds the cumulative nature of the ALJ's decision does not afford the Court confidence that the ALJ fairly considered all the evidence in the record, as it is reflected in the decision.

This action is therefore remanded to allow the ALJ to revisit the opinion of Dr. Bostwick and further develop the opinion of Ms. Herzing, and to then reconsider the decision upon the ultimate disability issues.

## V. ORDER

Based on the foregoing, Petitioner's request for review (Dkt. 1) is hereby GRANTED. This matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

DATED: **March 20, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge